DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
DAVID MARROSO (S.B. #211655)
dmarroso@omm.com
TIMOTHY HEAFNER (S.B. #286286)
theafner@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Defendants Top Rank, Inc. and Todd duBoef*

PATRICIA L. GLASER (S.B. #55668)
pglaser@glaserweil.com
HARRISON J. DOSSICK (S.B. #128319)
hdossick@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Phone: (310)553-3000
Fax: (310) 556-2920

*Attorneys for Plaintiff William Keane*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

WILLIAM KEANE, an individual,

Plaintiff,

v.

TOP RANK, INC., a Nevada corporation; and TODD duBOEF, an individual, and DOES 1-10, inclusive,

Defendants.

Case No. 2:25-cv-01694-MRA-MAR

**JOINT STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER REGARDING THE CONFIDENTIALITY OF DISCOVERY DOCUMENTS AND INFORMATION**

Judge: Hon. Mónica Ramírez Almadani

Magistrate Judge: Hon. Margo A. Rocconi

## I. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential and proprietary or private information of Plaintiff William Keane ("Keane") and Defendants Todd duBoef ("duBoef") and Top Rank, Inc. (each, a "Party," collectively, the "Parties"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XIII.C, below, that this Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file materials under seal.

## II. GOOD CAUSE STATEMENT

This action is likely to involve confidential and competitively sensitive business information central to the professional boxing industry, potentially including non-public financial data, compensation structures and arrangements, private negotiations, sensitive third-party business terms, trade secrets, and other proprietary information and materials protected by privilege or law.

In the absence of a protective order, the Parties would be irreparably harmed; a Receiving Party (as defined herein) in possession of such nonpublic information could attain an unfair business advantage over the Producing Party (as defined herein). Moreover, some of the documents that are likely to be at issue are subject to stringent confidentiality agreements with third parties. Thus, a protective order is necessary to protect the confidentiality interests of these nonparties.

Accordingly, to expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## III. DEFINITIONS

**A.** Acknowledgment: the "Acknowledgment and Agreement to be Bound" form attached as Exhibit A to this Protective Order.

**B.** Action: *William Keane v. Top Rank, Inc. et al.*, Case No. 2:25-cv-01694-MRA-MAR.

**C.** Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Protective Order.

**D.** "CONFIDENTIAL": A designation that may be applied to any Disclosure or Discovery Material to denote that it is Confidential information. Information designated as "CONFIDENTIAL" may be used and communicated only as provided in this Protective Order.

**E.** Confidential Information: Any Disclosure or Discovery Material that qualifies for protection under Federal Rule of Civil Procedure 26(c) and/or as specified above in the Good Cause Statement. Confidential Information must be marked with the "CONFIDENTIAL" designation according to the terms of this Protective Order.

**F.** Counsel: Outside Counsel and In-House Counsel as well as the support staff.

**G.** Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY."

**H.** Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**I.** Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in the Action. "Expert" includes all supporting personnel and clerical staff working under the direction and supervision of the expert or consultant. This definition includes a professional jury or trial consultant retained in connection with this litigation.

**J.** "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY": A designation that may be applied, in good faith, to any Disclosure or Discovery Material to denote that it is Highly Confidential – Attorneys' Eyes Only Information. Information designated as "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" may be used and communicated only as provided in this Protective Order.

**K.** Highly Confidential – Attorneys' Eyes Only Information: is any Disclosure or Discovery Material that the Designating Party believes, in good faith, contains highly sensitive business information of current or prospective significance and for which production on a confidential basis would create a substantial risk of serious harm to the Designating Party that could not be avoided by less restrictive means.

**L.** In-House Counsel: Attorneys who are employees of a Party and whose responsibilities consist of performing legal services for such Party. In-House Counsel does not include Outside Counsel.

**M.** Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

**N.** Outside Counsel: Attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

**O.** Party: Any Party, including its In-House Counsel, officers, directors, employees, consultants, and retained experts.

**P.** Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

**Q.** Professional Vendors: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing or retrieving data in any form or medium) and their employees and subcontractors.

**R.** Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

**S.** Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## IV. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel or their Experts that might reveal Protected Material. Any use of Protected

Material at trial shall be governed by the orders of the trial judge. This Protective Order does not govern the use of Protected Material at trial.

**V. DURATION**

Even after "Final Disposition" of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in these Actions with prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of these Actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**VI. DESIGNATING PROTECTED MATERIAL**

**A. Exercise of Restraint and Care in Designating Material for Protection**. Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. If it comes to a Designating Party's attention that information or items that it designated for a certain level of protection do not qualify for such protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

**B. Manner and Timing of Designations**. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be

clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

1. For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

2. For testimony given in depositions: any Party may designate as Protected Material testimony given in a deposition or in other pretrial or trial proceedings by so informing the reporter on the record during the deposition or by promptly sending a letter to all Outside Counsel of record and to the deposition reporter designating by page and line any portions of the transcript to be so

restricted, or the entire transcript if applicable, within ten (10) business days after receiving the deposition transcript and specifying the level of protection being asserted.

Prior to the expiration of this 10 business-day period, a transcript will be treated as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

When deposition testimony is designated Protected Material by informing the reporter during the deposition, the transcript containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers-as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

A Party shall give all other Parties (and, if applicable, any affected Non-Parties) advance written notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties (and all affected Non-Parties) can ensure that only authorized individuals who have signed the Acknowledgment are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Notwithstanding the foregoing or any other provision in this Protective Order, advance written notice that a deponent is expected to provide "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" testimony or be examined with respect to a document designated as such shall not, unless the Parties so agree or the Court so orders in advance, abrogate Keane's or duBoef's right to attend such deposition.

3. <u>For information produced in some form other than documentary and for any other tangible items</u>: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**C. Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such Protected Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Protected Material is treated in accordance with the relevant provisions of this Protective Order.

## VII. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

**A. Timing of Challenges**. Any Party or Non-Party may challenge a designation of Protected Material at any time that is consistent with the Court's Scheduling Order.

**B. Meet and Confer**. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation.

**C. Judicial Intervention**: If the Parties cannot resolve a challenge to a confidentiality designation, the Challenging Party can seek judicial intervention in accordance with Local Civil Rule 37.1 *et seq*. In any such proceeding, the burden of persuasion shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the Protected Material in question the level of protection to which it is

entitled under the Designating Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

**A. Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section XIII.D below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

**B. Disclosure of Confidential Information.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) the Receiving Party, including officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(f) the Court and its personnel;

(g) court reporters and their staff;

(h) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the Acknowledgment; and (2) they will not be permitted to keep any confidential information unless they sign the Acknowledgment, unless otherwise agreed by the Designating Party or ordered by the Court; and

(k) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the Acknowledgment.

**C. Disclosure of Highly Confidential - Attorneys' Eyes Only Information**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's In-House Counsel and the Receiving Party's Outside Counsel of record in this Action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(c) the Court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment;

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided the witness signs the Acknowledgment; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions and who have signed the Acknowledgment.

## IX. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order;

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected; and

(d) If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS'

EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**X. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, custody or control, and the Party is subject to a preexisting, written agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a preexisting, written confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party in possession

of a Non-Party's confidential information shall produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Party in possession of a Non-Party's confidential information shall not produce any information in its possession, custody or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## XI. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, (d) request such person or persons to execute the Acknowledgment, and (e) confirm that the third party or individual destroys any copy or copies of such material in its possession.

## XII. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (*e.g.*, work product immunity), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other

protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

Upon learning of an inadvertent or unintentional disclosure of privileged information, the Producing Party shall promptly provide written notice to the Receiving Parties that such information was inadvertently or unintentionally disclosed. If the Receiving Party does not timely challenge the assertion of inadvertent disclosure in writing within ten (10) business days of the date of such written notice, the documents or materials described in that notice ("Inadvertently Produced Privileged Documents") shall be returned to counsel for the Producing Party or destroyed by the Receiving Party, and in the same time frame, any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the Privileged Documents ("Privileged Notes") shall be returned or destroyed by the Receiving Party. No use shall be made of any such Inadvertently Produced Privileged Documents from such inadvertent production, including during deposition or at trial, nor shall any such materials be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned.

If the Receiving Party timely challenges the assertion that such information was inadvertently or unintentionally disclosed by providing written notice within this ten-day period, the Producing Party may initiate the dispute resolution process under Local Rule 37.1, during which time the Receiving Party shall sequester the Inadvertently Produced Privileged Documents and Privileged Notes and shall not make any use of such information.

If the Parties cannot resolve a challenge without court intervention, the Producing Party may move the Court for an order compelling return and/or destruction of any Inadvertently Produced Privileged Documents in compliance with Local Rule 37. In connection with any such motion, the Producing Party shall

bear the burden of persuasion that the subject information (a) is legally privileged or protected from disclosure, and (b) was inadvertently or unintentionally produced. Pending the Court's ruling, the Receiving Party shall sequester the Inadvertently Produced Privileged Documents and Privileged Notes and shall not make any use of such information, including in connection with any motion under this section.

## XIII. MISCELLANEOUS

**A. Right to Further Relief**. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**B. Right to Assert Other Objections**. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**C. Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### D. FINAL DISPOSITION

After the final disposition of this Action, as defined in Section V (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, except such material that exists on back-up tapes or similar storage and systems, in which case such material need not be immediately deleted or destroyed, and instead, should be overwritten and destroyed in the normal course of business. Until that material is overwritten and destroyed in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to

the persons necessary to conduct routine IT and cybersecurity functions. As used in this subdivision, “all Protected Material” includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: August 11, 2025

Respectfully submitted,

By: */s/ Daniel M. Petrocelli*
O'MELVENY & MYERS LLP
*Counsel for Top Rank, Inc. and Todd duBoef*
By Daniel M. Petrocelli

Dated: August 11, 2025

By: */s/ Harrison J. Dossick*
GLASER WEILL FINK HOWARD JORDAN & SHAPIRO LLP
*Counsel for William Keane*
By Harrison J. Dossick

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: September 10, 2025

HON. MARGO A. ROCCONI
United States Magistrate Judge

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4, I, Daniel M. Petrocelli attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 11, 2025

*/s/ Daniel M. Petrocelli*
O'Melveny & Myers LLP
*Counsel for Top Rank, Inc. and Todd duBoef*

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], of

_________________________________________________________________

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on __________ [date] in the case of *William Keane v. Top Rank, Inc. et al*., Case No. 2:25-cv-01694-MRA-MAR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ________________________________ [print or type full name] of

_________________________________________________________________

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _______________________________________

City and State where sworn and signed: ___________________________________

Printed name: ________________________________

Signature: ___________________________________